## UNITED STATES GLASS CO. v. TIFFANY & CO.

### Patent Appeal No. 2871.

Court of Customs and Patent Appeals.
Feb. 8, 1932.

first part of the mark being printed in black block type, and the second part in smaller script type, to be also used upon glass tableware.

The appellee filed notices of opposition against the registration of these marks, and thereafter the Examiner of Interferences, the cases having been consolidated in the Patent Office, dismissed the notices of opposition and permitted registration. On appeal to the Commissioner of Patents, this decision was reversed, and registration was denied in both cases.

There is no proof of actual confusion in the record, and the decision of the matter depends upon an examination of the marks themselves. The opposer discloses, by the record, that it is the owner of three marks, namely, "Tiffany" and "Tiffany & Co.," both of which were registered in the United States Patent Office on August 31, 1920, and a trademark consisting of a monogram having a large letter "T," upon the stem of which is superimposed the character "&," surrounded by an "O," which, in turn, is surrounded by a "C," registered on November 6, 1928. All of these marks are shown to be used upon table glassware. The opposer shows by the stipulation on file that it has succeeded to a business which has been carried on since 1837; that it was incorporated in 1868, and since its organization has been selling jewelry, glassware, and like goods; that the words "Tiffany & Co." and "Tiffany" have been used as a trade-mark on said goods since 1853; and that the mark "T & Co." has been used as a mark since 1878, these various marks being affixed, in practice, to the ware being sold by being printed on or burned into the merchandise, or attached thereto by stickers, tags, or otherwise.

It appears that the applicant, from 1914 to 1927, was in the habit of using stickers to designate its wares, one form of which consisted of a shield bearing thereon a monogram comprising the letters "USGCo," and, in another form, a small oblong mark, with cut corners, bearing thereon the words "Tiffin Quality Handmade," and with a dollar sign as a part of said design.

In 1927 the appellant adopted its present marks, and has since used them. In the Patent Office the syllable "ware" in the word "Tiffinware" was disclaimed apart from the mark sought to be registered.

Both parties hereto manufacture a high-grade quality of glassware, and have extensive sales. The appellant has one of its fac-

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa., for appellant.

Rudolph L. von Bernuth and James McKinley Rose, both of New York City (Morrell S. Lockhart, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On December 16, 1927, the appellant filed an application for trade-mark registration, serial No. 259,033, which trade-mark comprises a gold shield bearing the large letter "T" as a monogram, and having the word "Tiffin" embossed across the shield, to be used on glass tableware. On the same day the appellant filed another application for trademark registration, serial No. 259,034, comprising the single word "Tiffinware," the

**442**

tories in the city of Tiffin, Ohio, and contends that this was the reason, originally, that the word "Tiffin" was used in connection with its marks.

██ There is only one question primarily involved in this matter; namely, that of likelihood of confusion. The methods of using these marks are substantially the same in practice, and it becomes material to inquire whether one who was about to purchase high-grade glassware, such as is made by these parties, would be apt to be confused as to origin by the use of the marks which the appellant seeks to register. We are of opinion the Commissioner arrived at the right conclusion in this respect. "Tiffinware" is much like "Tiffany" in sound, and in appearance especially when placed on a small label as these marks are ordinarily used.

The monogram mark which is sought to be registered has, as its predominant feature, a large letter "T," which is also the predominant mark of the opposer in its monogram mark. These letters are of the same character and have the same peculiarities. The use of the word "Tiffin" with this monogram does not help the matter any, for it also bears a confusing similarity to "Tiffany."

Whatever may have been the motive of the appellant for so doing, in 1927, it abandoned the use of the initials "USGCo" upon its labels. These initials were, to a degree, identifying, and might well serve to make some distinction between the marks of the opposer and the appellant. The present marks, however, which are sought to be registered, are, in our judgment, apt to be confusing, and hence should not be registered.

██ In addition, if the word "Tiffin" in the mark "Tiffinware" is intended to designate the city in which one of the factories of appellant is located, it is clearly geographical. If it is not, as appellant argues, but rather has the meaning of the name of a meal, such as a luncheon, then it is descriptive, for there is no real difference in principle between saying "Tiffinware" in such a case and "tableware" or "luncheonware." As so used, the words describe simply a kind of goods.

██ Even if it were conceded that there is any doubt about the registrability of these marks, that doubt should be resolved against the newcomer in the field. B. F. Goodrich Co. v. Hockmeyer, 17 C. C. P. A. 1068, 40 F.(2d) 99.

The decision of the Commissioner of Patents is affirmed.

Affirmed.